IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH SMITH ET AL. | : | NO. 08-50-1, -2 |

### ORDER-MEMORANDUM

**AND NOW**, this 16th day of October, 2008, upon consideration of Defendants' Joint Motion to Dismiss Count One of the Indictment (Docket No. 27), the Government's response thereto (Docket No. 29), and the pre-trial conference with counsel on the afternoon of October 15, 2008, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count One is **DENIED**.

Defendants Joseph Smith and Cynthia McDonough have been charged with, inter alia, conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.[1] Defendants challenge Count One of the Indictment on two bases. First, Defendants argue that Count One is duplicitous because it uses language that impermissibly conflates theories of "offense" and "defraud" conspiracies, both made unlawful under 18 U.S.C. § 371. Second, assuming that Count One asserts a "defraud" conspiracy, Defendants argue the Government has improperly pled a "defraud" conspiracy because: (1) the Indictment fails to allege a "complex" tax scheme allegedly required in "defraud" conspiracies; and (2) conspiracy to commit violations of the Internal Revenue Code must be charged under the "offense" clause of § 371 because the Internal Revenue Code provides for specific criminal penalties for the alleged tax violations.

---

[1] Smith has been charged individually with three counts of failure to file federal tax returns, in violation of 26 U.S.C. § 7206, and two counts of filing false federal tax returns, in violation of 26 U.S.C. § 7206(1). McDonough has been charged individually with four counts of filing false federal tax returns, in violation of 26 U.S.C. § 7206(1).

The challenged language of the indictment reads:

> JOSEPH J. SMITH and CYNTHIA R. MCDONOUGH conspired and agreed, together with others known and unknown to the grand jury, <u>to commit offenses against the United States</u>, <u>that is to knowingly defraud the United States</u> by impeding, impairing, obstructing, and defeating the lawful functions of its agency, the Department of the Treasury, Internal Revenue Service ("IRS"), in the ascertainment, computation, assessment, and collection of taxes, in violation of Title 18, United States Code, Section 371.

(Indictment, Count One ¶ 6 (emphasis added).) Defendants argue that Count One "essentially alleges one charge by reference to two separate conspiratorial theories," without alleging "two separate conspiratorial objects," and thus "impermissibly charge[s] two incoherent crimes." (Mot. to Dismiss at 6.)

An indictment is impermissibly duplicitous if it joins two offenses in the same count. See United States v. Haddy, 134 F.3d 542, 548 (3d Cir. 1998) ("Duplicity is the improper joining of distinct and separate offenses in a single count."); see also Fed. R. Crim. P. 8(a) ("The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."). Section 371 of Title 18 makes it unlawful to "conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose . . .," 18 U.S.C. § 371, and the Third Circuit has recognized that § 371 criminalizes two distinct types of conspiracies. See United States v. Alston, 77 F.3d 713, 718 (3d Cir. 1995); United States v. Vazquez, 319 F.2d 381, 384 (3d Cir. 1963); see also United States v. Rigas, 565 F. Supp.2d 620, 631 & n.6 (M.D. Pa. 2008) (surveying split among circuits). However, "[i]t is well established that '[t]he allegation in a single count of a

conspiracy to commit several <u>crimes</u> is not duplicitous.'" <u>United States v. Reyes</u>, 930 F.2d 310, 312 (3d Cir. 1991) (emphasis added) (quoting <u>Braverman v. United States</u>, 317 U.S. 49, 54 (1942)). Defendants therefore argue that, because "offense" and "defraud" conspiracies are separate offenses, Count One is duplicitous because it alleges both "offense" and "defraud" conspiracies in the same count.

To be sufficient, however, a federal indictment need include only "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). Moreover, an indictment is sufficient so long as it "'(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" <u>United States v. Kemp</u>, 500 F.3d 257, 280 (3d Cir. 2007) (quoting <u>United States v. Vitillo</u>, 490 F.3d 314 (3d Cir. 2007)). "'[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.'" <u>Id.</u> (quoting <u>United States v. Rankin</u>, 870 F.2d 109, 112 (3d Cir. 1989)).

We find that Count One was sufficient under Rule 7(c)(1) to apprise the Defendants they were being charged with conspiracy under the "defraud" clause of § 371 and does not allege an "offense" conspiracy. We further find, accordingly, that Count One is not duplicitous under Fed. R. Crim. P. 8(a). First, Count One is captioned "Conspiracy to Defraud the United States of America." It plainly references 18 U.S.C. § 371 and thoroughly describes Defendants' efforts to "defraud[] the

IRS by failing to report and account for the full amount of the[ir] gross receipts . . .," (Indictment, Count One ¶ 9), and to "defraud[] the IRS by filing false tax returns . . . ." (Indictment, Count One ¶ 12.) Read in its entirety, Count One alleges only a "defraud" conspiracy and avers specific facts to support only that theory.[2]

Second, the Indictment's failure to reference any other federal crime as the substantive offense supporting the conspiracy prevents the Government from bringing an "offense" conspiracy charge at all. See Reyes, 930 F.2d at 312 (holding that, unlike the "defraud" clause–which already itself refers to the substantive offense of fraud–the "offense clause" requires reference to another part of the criminal code for the substantive offense underlying an "offense" conspiracy). Thus, Count One cannot state an "offense" conspiracy charge pursuant to Rule 7(c) because it fails to refer to another part of the criminal code. Moreover, any allegations of superfluous acts in the Indictment would not impair "a defendant's right to be tried on the charges set forth in the indictment . . . ." United States v. Tykarsky, 446 F.3d 458, 474 (3d Cir. 2006) (citing United States v. Miller, 471 U.S. 130, 136 (1985)). Finally, to the extent that Count One only alleges a single "defraud" conspiracy, it cannot be duplicitous under Rule 8(a). The Motion to Dismiss is, accordingly, denied as to Defendants' argument that Count One is duplicitous.

Defendants further argue that: (1) the Indictment fails to sufficiently allege the required elements of a Klein "defraud" conspiracy; and (2) conspiracies to defraud the United States have

---

[2]Moreover, the Government makes clear in its Motion in Limine that they allege Defendants engaged in a Klein conspiracy, named for United States v. Klein, 247 F.2d 908 (2d Cir. 1957). (Gov't Mot. in Limine at 6.) A Klein conspiracy is a conspiracy to defraud the United States "by obstructing the lawful function of the Internal Revenue Service in assessing and collecting federal income taxes." United States v. Gricco, 277 F.3d 339, 348 (3d Cir. 2002) (citing United States v. Shoup, 608 F.2d 950, 956 (3d Cir.1979)).

4

been superseded with respect to "offense" conspiracies involving violations of the Internal Revenue Code.

To establish a <u>Klein</u> conspiracy, the Government must prove: "'(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the [agreement's] objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States.'" <u>United States v. Alston</u>, 77 F.3d 713, 720 n.17 (3d Cir. 1996) (quoting <u>United States v. Shoup</u>, 608 F.2d 950, 956 (3d Cir.1979)). The agreement must include an objective "to impede the IRS," although impeding the IRS "need not be . . . sought as an end itself" so long as it is "not merely a foreseeable consequence or collateral effect." <u>United States v. Gricco</u>, 277 F.3d 339, 348 (3d Cir. 2002) (citations omitted); <u>see</u> <u>also</u> <u>United States v. Gambone</u>, 125 F. Supp.2d 128, 132 (E.D. Pa. 2000).

Defendants argue that the Government has failed to allege the requisite "complex scheme"–beyond the "run-of-the-mill, routine tax cheating proscribed by the detailed substantive offenses outlined in the Internal Revenue Code"–they contend is necessary to support a <u>Klein</u> conspiracy charge. (Mot. to Dismiss at 8.) A complex scheme is necessary, they argue, because the Internal Revenue Code "provides specific criminal penalties for an individual's failure to report income, to file truthful tax returns, and to pay taxes allegedly owed." (<u>Id.</u> at 7.)

In <u>Gambone</u>, however, we rejected the defendants' argument that "a scheme need be complex in order to constitute a <u>Klein</u> conspiracy." <u>Gambone</u>, 125 F. Supp.2d at 133. "While many conspiracies are by their nature complex, a <u>Klein</u> conspiracy does not require a particular level of complexity." <u>Id.</u> Instead, "the only relevant inquiry is whether the alleged scheme in the Indictment meets the three <u>Klein</u> requirements outlined in the case law." <u>Id.</u> Consequently, we find that the

Indictment, which alleges the three Klein elements, properly alleges a Klein "defraud" conspiracy.

Defendants also contend that "defraud" conspiracies under § 371 have been superseded–with respect to conspiracies involving violations of the internal revenue laws–by the penal provisions of the Internal Revenue Code. That argument was raised by the Gambone defendants, i.e., that because the Internal Revenue Code provides for specific criminal penalties, the conspiracy to commit violations of the Code must be charged under the "offense" clause and not the "defraud" clause of § 371. Gambone, 125 F. Supp.2d at 133.

However, we rejected that very argument in Gambone because we found that "defraud" conspiracies under § 371 require proof of intent to defraud, an element not otherwise required to prove violations of the substantive internal revenue violations. Id. at 134 ("[T]he 'conspiracy' objective distinguishes Count One from the other specific statutory offenses. Thus, Defendants' argument against allowing a defraud clause prosecution fails."). As we stated in Gambone, "the fact that a particular course of conduct is chargeable under one clause [of § 371] does not render it immune from prosecution under the other." Id. at 134. Thus, prosecutors are not required to charge as "offense" conspiracies all conspiracies to violate a specific statute, id. (citations omitted), especially where the underlying offenses are of multiple statutory provisions. Id. at 135 (citations omitted).

In this case, the government alleges nine violations of two statutory provisions, 26 U.S.C. § 7206 (prohibiting the filing of false tax returns), and 26 U.S.C. § 7203 (prohibiting the failure to file tax returns), occurring over the course of at least three years. Although Gambone involved an alleged conspiracy spanning 20 years and touching upon at least four provisions of the Internal Revenue Code, the Fair Labor Standards Act, and the Social Security withholding requirements, we

6

find this alleged conspiracy still goes "beyond the attempt to merely violate a particular provision of the Internal Revenue code." <u>Gambone</u>, 125 F. Supp.2d at 135.  The Government has alleged a protracted conspiracy involving multiple violations of the Internal Revenue Code, which it argues is indicative of an intent to "impede the IRS" and that were "not merely a foreseeable consequence or collateral effect" of the Defendants' conduct.  <u>United States v. Gricco</u>, 277 F.3d at 348.  The Motion to Dismiss, accordingly, is denied as to Defendants' argument that the Government has failed to properly plead a "defraud" conspiracy pursuant to 18 U.S.C. § 371.

        BY THE COURT:


        /s John R, Padova, J.
        John R. Padova, J.