IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | :    **Criminal No. 08-50-01** |
| **JOSEPH J. SMITH** | : |

**O R D E R**

AND NOW, this _____ day of _____, 2010, upon consideration of the defendant's motion requesting a 75 day extension of time for his scheduled date for surrender to federal custody, and the government's response in opposition to the motion, it is hereby

ORDERED that Defendant Joseph Smith's Motion for Extension of Surrender Date is DENIED; and it is further

ORDERED that, as directed by the Court's Order dated January 6, 2010, the defendant is directed to report to <u>the institution designated by the Bureau of Prisons</u> no later than <u>2:00 p.m.</u> on March 8, 2010 to commence serving his sentence imposed in the above-captioned case.  If an institution is not designated by March 4, 2010, the defendant is directed to report to the U.S. Marshal, 2110 U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania, no later than 9:30 a.m.

 

                                            **HONORABLE JOHN R. PADOVA**
                                            **Senior United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v.  : | Criminal No. 08-50-01 |
| **JOSEPH J. SMITH** : | |

**RESPONSE OF UNITED STATES OF AMERICA
IN OPPOSITION TO DEFENDANT JOSEPH SMITH'S
MOTION FOR EXTENSION OF SURRENDER DATE**

The United States of America, by its attorneys, Michael L. Levy, United States Attorney for the Eastern District of Pennsylvania, and Joseph F. Minni, Assistant United States Attorney, responds to the defendant's motion for extension of surrender date filed in the above-captioned case as follows:

**I.      INTRODUCTION**

The defendant, Joseph J. Smith, was convicted by a jury, following a six-day trial, with one count of conspiracy, in violation of 18 U.S.C. § 371, one count of filing a false tax return, in violation of 26 U.S.C. § 7206, and three counts of failure to file income tax returns, in violation of 26 U.S.C. § 7203.[1]  Approximately one year later, on January 6, 2010, this Court sentenced Smith to five months of imprisonment and three years of supervised release.  This Court also ordered Smith to pay restitution to the

---

[1] Smith was convicted along with his co-defendant, Cynthia R. McDonough.

Internal Revenue Service in the amount of $5,813, a $2,500 criminal fine, and a $275 special assessment. Furthermore, by Order dated January 6, 2010, this Court permitted Smith to self-surrender and designated March 8, 2010 as the date he was to commence serving his term of imprisonment.

On February 24, 2010, Smith filed a motion requesting a 75-day extension of time to surrender. Specifically, Smith claims that, as of February 4, 2010, the Bureau of Prisons ("BOP") has not designated him to a facility to serve his sentence.[2] He also claims that it appears likely that he will not receive his designation by his surrender date of March 8, 2010. As such, Smith contends that, if he is not designated in time, he will be placed at a federal detention center until he receives his formal designation. Furthermore, Smith claims that he needs additional time to complete several construction projects for his corporation, Universal Building and Construction, Inc. Smith claims that these projects will not be completed by March 8, 2010.[3]

For the reasons explained below, Smith has not demonstrated a sufficient basis for this Court to extend the time for his surrender date. Therefore, this Court should deny the motion and order Smith to report as previously directed.

---

[2] Smith also requested BOP to designate him to serve his sentence in a community corrections center rather than a federal prison facility.

[3] Smith also requests additional time because he currently is involved in 13 lawsuits or business disputes. The motion served upon government counsel, however, did not contain a copy of "Exhibit E," which allegedly is a letter that details the status of some of these matters.

**II.     DISCUSSION**

First, it appears that the BOP intends to designate Smith by March 8, 2010. Government counsel recently contacted BOP designation personnel who indicated that there is no reason why the BOP cannot designate Smith by March 8. According to BOP, the delay in designation apparently was due to a need to verify and obtain Smith's existing federal inmate number that he obtained in 1994 for during his conviction before this Court. Once BOP processes this information, it will be able to immediately designate Smith. Also, the PSR does not evidence any medical reason for BOP to further delay the designation process.

Second, Smith's pending business contracts and legal matters does not provide a sufficient basis to extend his surrender date. The contracts are dated October 1, 2009, October 14, 2009, October 16, 2009, and November 2, 2009. Smith, through UBC, entered into these contracts just months before his <u>rescheduled</u> sentencing date. When he entered into these contracts, Smith was well aware that this Court could possibly sentence him to a period of imprisonment. Furthermore, on February 16, 2010, less than one month before his ordered surrender date, Smith, through UBC, entered into a contract for the sale of real estate for which provides for a May 16, 2010 settlement date. Smith entered into this contract knowing full well that he would be incarcerated on that date. As these projects are ongoing, Smith certainly can complete them with existing UBC employees. Also, there appears no reason why Smith cannot close on the sale of the real estate through a properly-appointed power of attorney.

Smith has not presented a valid basis for this Court to extend the time for his surrender date. Also, the requested extension of 75 days in unreasonable in this instance. At sentencing on January 6, 2010, this Court allowed Smith 60 days to resolve his affairs before he was to report to serve his sentence. Accordingly, this Court should deny the motion and order Smith to surrender as previously directed.

### III.   CONCLUSION

For the reasons explained above, the government requests that this Court deny the motion.

                Respectfully submitted,

                MICHAEL L. LEVY
                United States Attorney


                /s/ Joseph F. Minni
                JOSEPH F. MINNI
                Assistant United States Attorney

Date: February 26, 2010.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the RESPONSE OF UNITED STATES OF AMERICA IN OPPOSITION TO DEFENDANT JOSEPH SMITH'S MOTION FOR EXTENSION OF SURRENDER DATE was served electronically and by first class mail, postage prepaid, upon:

>Mark E. Cedrone, Esquire
>CEDRONE & PINTO, P.C.
>123 S. Broad Street
>Suite 810
>Philadelphia, PA 19109-1017

>/s/ Joseph F. Minni
>JOSEPH F. MINNI
>Assistant United States Attorney

Date: February 26, 2010.